# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS ZACHARY PETERS,<br><br>Defendant. | Case No. 16-CR-57-JFH |

## OPINION AND ORDER

This matter is before the Court on the Motion for Early Termination of Supervised Release, filed by Defendant Thomas Zachary Peters. Dkt. No. 56. For the reasons set forth, the motion is denied.

### I.   BACKGROUND

On July 12, 2016, Defendant was charged in a single-count indictment with Failure to Register as a Sex Offender, in violation of 18 U.S.C. §§ 2250(a)(1), 2250(a)(2)(B), and 2250(a)(3). Dkt. No. 3. On August 9, 2016, a Superseding Indictment was filed, which included an additional charge for Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Dkt. No. 22. On September 19, 2016, Defendant pleaded guilty to both counts. Dkt. No. 35.

On February 9, 2017, Defendant was sentenced to a term of imprisonment of 16 months on each count, to be served concurrently with one another. Dkt. No. 48. Defendant was also sentenced to terms of supervised release of 5 years and 3 years on counts 1 and 2, respectively, to be served concurrently with one another. [Dkt. No. 48]. Defendant's conviction on count 1, failure to register to register as a sex offender, pursuant to 18 U.S.C. § 2250, required a mandatory

minimum term of 5 years of supervised release. Defendant did not appeal. Dkt. No. 50. Defendant's term of supervised release began July 28, 2017 and is currently set to continue to July 28, 2022.

On March 12, 2021, Defendant filed a pro se motion seeking early termination of supervised release, primarily so he can travel more freely to secure better employment and to facilitate contact with his extended family. Dkt. No. 56; Dkt. No. 61.

## II. STANDARD

Under 18 U.S.C. § 3583(e), a court may terminate a defendant's term of supervised release early if a defendant has completed at least one year of supervised release and if the court is satisfied such action is "warranted by the conduct of the defendant" and in "the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, the court must consider a number of the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and to provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) any pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a), 3583(e).

The Judicial Conference has elaborated on § 3583(e)(1)'s statutory criteria and recommended that the United States Probation Officer evaluate two sets of factors depending on how long the defendant has been on supervised release. *See* Guide to Judiciary Policy, Vol. 8, Part

E § 360.20(b)–(c) (July 2, 2018). If a defendant requests early termination during the first 18 months of supervision, "the appropriateness of early termination must be based on the person's overall progress in meeting supervision objectives," which includes that the defendant: (1) "substantially satisfied the requirements of the court order"; and (2) "demonstrate a willingness and capability to remain lawful beyond the period of supervision." *Id.*

If a defendant requests early termination after serving 18 or more months of supervision, "there is a presumption in favor of recommending early termination" if the defendant: (1) "does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism"; (2) "presents no identified risk of harm to the public or victim"; (3) "is free from any court-reported violations over a 12-month period"; (4) "demonstrates the ability to lawfully self-manage beyond the period of supervision"; (5) "is in substantial compliance with all conditions of supervision"; and (6) "engaged in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision." *See* Guide to Judiciary Policy, Vol. 8, Part E § 360.20(c).

### III.    DISCUSSION

Despite having served more than 18 months of supervision, Defendant is not entitled to a presumption in favor of recommending early termination because he has committed a sex offense. Defendant does not contend otherwise.

Defendant argues that early termination of his term supervised release would enable him to better support his family financially. Dkt. No. 56 at 6; Dkt. No. 61 at 2. According to Defendant, he has had a number of employment offers that he has not accepted because they require him to travel outside the state or permanently relocate. Defendant also contends that he has been offered

at least one position that is contingent on him completing or being released from supervision. Defendant cites restrictions on visitation with family as another reason he is seeking early termination of his supervised release. *Id.* Defendant points to a specific instance in which he complied with his conditions of supervision by requesting approval to attend an Easter gathering at which minor children would be present, but was denied approval by a newly assigned Probation Officer. *Id.*

In its response to Defendant's motion, the Government indicates that it would not oppose a modification of the terms of Defendant's supervised release to loosen the restrictions on Defendant's travel, thereby making it easier for him to travel for work and visit with family, to the extent such visits require out of state travel. Dkt. No. 59 at 4-5; *see* 18 U.S.C. § 3563(b)(14) (making the application of travel restrictions as a condition of supervision, discretionary). However, due to the nature of the instant offenses, the Government opposes early termination of Defendant's term of supervised release. Dkt. No. 59 at 4. The Government does not dispute that Defendant has complied with the terms of his supervised release up to this point, but argues that compliance alone is insufficient to justify early termination of supervision. *Id.* at 3.

The Court agrees. Upon consideration of the pertinent factors set forth in § 3553(a), the Court concludes that Defendant has not demonstrated that early termination is warranted by his conduct and the interest of justice.

### A. Section 3553(a) Factors

**1. Nature and Circumstances of the Offense and the History and Characteristics of Defendant**

In this case, the Superseding Indictment charged Defendant with failing to register as a sex offender, in violation of 18 U.S.C. §§ 2250(a)(1), 2250(a)(2)(B), and 2250(a)(3) and unlawfully possessing firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Dkt.

No. 22. Specifically, the Superseding Indictment alleges that between November 2015 and June 2016, Defendant: (1) having received a conviction in the State of Michigan for second degree criminal sexual conduct in 2007, traveled to the Eastern District of Oklahoma and knowingly failed to register and update his registration as required by the Sex Offender Registration and Notification Act and (2) having been convicted of a felony, possessed one 12 gauge shotgun, one .22 caliber rifle (with no serial number), 170 12 gauge shotgun shells, and 824 .22 mm rounds. *Id.* Defendant pleaded guilty to these charges. Dkt. No. 35.

Although these offenses occurred approximately five years ago, the seriousness of the offenses counsels against early termination of supervised release. The Court remains mindful, however, that at this juncture, the question is not whether Defendant deserves additional punishment, but rather whether continuing supervision is appropriate to assist him with rehabilitation and reintegration into the community. *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.").

Defendant is 37 years old. He does not have close relationships with his parents. According to Defendant, his father has been incarcerated most of Defendant's life and his mother has been in and out of his life due to substance abuse issues. Defendant has been married four times and is currently married to his fourth wife. The first two marriages produced no children. The third marriage produced two children, who Defendant currently supports financially. Defendant has some history of depression and is currently participating in counseling as a condition of his supervised release.

The Court finds that these factors weigh against early termination of supervision in this case.

   2. **Adequate Deterrence and Protecting the Public**

Defendant has provided a list of 28 programs that he completed during his incarceration. *Id.* According to Defendant, these programs, which include a wide range of topics from mental and behavioral health to vocational training and life skills, represent "every avenue of programming and self-growth available" to him during his incarceration. *Id.* Since his release, Defendant has married, and he and his wife have two children. *Id.* According to Defendant, he has maintained a stable residence and family life, residing with his wife and two youngest children, while meeting his financial obligation to support two children from a previous marriage. *Id.* The Probation Officer currently overseeing Defendant's term of supervised release does not indicate that Defendant requires additional educational or vocational training, medical treatment, or correctional treatment. From the testimony presented at the motion hearing, the Court understands that Defendant is participating in counseling as a condition of his supervision and plans to continue counseling voluntarily after completing or being released from supervised release.

While on supervised release, Defendant has complied fully with the terms of his supervision. Yet, the need to afford adequate deterrence from the types of offenses committed by Defendant, as well as the need to provide continued protection to the public counsel against early termination of supervision in this case. While Defendant has not committed any violations of the conditions of his supervision, the Court finds that providing continuing supervision is an appropriate resource to assist Defendant with his continued rehabilitation, which will serve to protect the public from any further crimes by Defendant and will provide appropriate deterrence

to any additional criminal conduct. Therefore, these factors weigh against early termination of supervision in this case.

   3. **Kinds of Sentence and Sentencing Range**

The Court is mindful that, based on Defendant's offense level of 13 and Category IV criminal history, the U.S. Sentencing guideline range provided for a term of imprisonment of 24 to 30 months imprisonment. Yet, the Court departed from the recommended guideline range to impose a sentence of imprisonment of 16 months, with a term of supervised release of 5 years, on count 1. Under the U.S. Sentencing Guidelines, the length of Defendant's term of supervised release was to be no less than the statutory minimum for his offense—five years. USSG § 5D1.2(c). These factors weigh against early termination of supervision in this case.

   4. **Policy Statements Issued by the United States Sentencing Commission**

The Sentencing Commission's policy statement provides that, for sex offenses, "the statutory maximum term of supervised release is recommended." USSG § 5D1.2(c). At the time of Defendant's sentencing for failure to register as a sex offender, the Guidelines recommended the statutory maximum term of supervised release for a "sex offense," but were ambiguous as to whether failure to register qualified as a sex offense. *See* USSG § 5D1.2(b) & comment (n.1) (2010). Since then, the Guidelines have been amended and now explicitly state that failure to register is not a sex offense under USSG § 5D1.2(b). *See id.* § 5D1.2(b) & comment (n.1) (2014); USSG App. C, Amend. 786 (2014). As such, the Guidelines' advisory supervised release range for failure to register is now five years. *See* 18 U.S.C. § 3583(k); USSG § 5D1.2(a), (c) & comment (n.6) (2014). The Court does not find sufficient basis for depart from the minimum term of supervised specified by the U.S. Sentencing Guidelines and, therefore, this factor weighs against early termination of supervision in this case.

**5. Sentencing Disparities**

As noted above, the Court departed downward from the recommended guideline range in the imposition of Defendant's sentence of imprisonment. While this factor may have limited relevance here, the Court does have some concern that early termination of supervision in this case could create some sentencing disparity among defendants with similar records who have been found guilty of similar conduct. Ultimately, without more information, the Court cannot determine whether or not early termination of supervised release in this case would create sentencing disparities and, therefore, this factor weighs neither in favor nor against early termination of supervision in this case.

**6. Restitution**

Defendant has no restitution obligations. Therefore, this factor weighs neither in favor nor against early termination of supervision in this case.

**B. Consideration of the Interests of Justice**

Having considered the applicable § 3553(a) factors, the Court concludes that continued supervision is in the interest of justice. Defendant's record of compliance with his conditions of supervision over the last three years and ten months, his completion of a wide range of programming during incarceration and his commitment to success are all commendable. However, continued supervision will provide Defendant with ongoing structure as he continues to adjust to life in the law-abiding community. Defendant's term of supervised release is at the low end of the statutory mandated term of five years to life. It is therefore both reasonable and appropriate for Defendant to continue with supervision under the remainder of his 5-year term. Because Defendant has been assessed as a low-to-moderate risk, his supervision should have a minimal impact on his day-to-day life, with visits occurring infrequently. Moreover, the Court understands

that Defendant has some potential employment opportunities that do not require him to travel or to relocate out of state. The Court also notes that, should Defendant receive additional out of state offers that do not require the completion or release from supervision, he may request a transfer of his supervision to the district in which the opportunity is presented.

For the foregoing reasons, the Court finds that continued supervision is both in Defendant's best interest and in the best interest of the community.

IT IS THEREFORE ORDERED that Defendant's Motion for Early Termination of Supervised Release [Dkt. No. 56] is DENIED.

Dated this 2nd day of July 2021.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE